①

Anthony L. Evans, Ao# 2011483
Montana State Prison
too Conley Lake Road
Deer Lodge, MT. 59722
"Pro Se" Litigant

United States District Court
District of Montana
Helena Division

| Anthony L. Evans | |
| Plaintiff, | |
| | Title 42, U.S.C. Section |
| VS. | 1983 Civil Complaint |
| | |
| Sam Jovanovich, | |
| Travis Jones, and | |
| Kim Malcomb | |
| Defendants, | |

I. Introduction:

1. This is a civil action authorized by Title 42, U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

2. More Specifically, Plaintiff alleges that the defendants violated his First Amendment rights when they retaliated against him for his filing of grievances by remo-

②

ving him from his Job at the Industries Diner.

3. Defendants, Sam Jovanovich, Travis Jones, and Kim Malcomb were acting under color of state Law while violating Plaintiff's federal constitutional rights, and are being sued in both their official and individual capacities.

II. Jurisdiction and Venue:

4. The United States District Court has jurisdiction under 28, U.S.C. Section 1343(a)(3) and the District of Montana, Helena Division is an appropriate venue under 28, U.S.C. Section 1391(b)(2) because it is where the events giving rise to this civil action occurred.

III. Plaintiff:

5. Plaintiff, Anthony L. Evans, (hereinafter, Mr. Evans) is and was, at all times mentioned herein, a prisoner of the state of Montana, in the custody of the Montana Department of Corrections.

6. Mr. Evans is currently incarcerated at Montana State Prison - 700 Conley Lake Road Deer Lodge, MT. 59722.

③

IV.  Defendants:

7.  Defendant, Sam Jovanovich, (hereinafter, Mr. Jovanovich) is and was, at all times mentioned herein, an employee of the Montana Department of Corrections, and assigned to Montana State Prison where he holds the rank of Captain.

8.  Mr. Jovanovich is legally responsible for violating Mr. Evans' federal constitutional rights as described herein, and did so under color of state law. Mr. Jovanovich is being sued in both his official and individual capacities.

9.  Defendant, Travis Jones, (hereinafter, Mr. Jones) is and was, at all times mentioned herein, an employee of the Montana Department of Corrections, and assigned to Montana State Prison where he holds the position of Food Service Manager, and rank of Sergeant.

10.  Mr. Jones is legally responsible for violating Mr. Evans' federal constitutional rights as described herein, and did so under color of state law. Mr. Jones is being sued in both his official and individual capacities.

11.  Defendant, Kim Malcomb, (hereinafter, Ms. Malcomb) is and was, at all times

(4)

mentioned herein, an employee of the Montana Department of Corrections, and assigned to Montana State Prison where she holds the position of Assistant Food Service Manager.

12. Ms. Malcomb is legally responsible for violating Mr. Evans' federal constitutional rights as described herein, and did so under color of state law. Ms. Malcomb is being sued in both her official and individual capacities.

13. Service of process can be made upon all defendants at Montana Department of Corrections - Legal Services Bureau. P.O. Box 201301 Helena, MT. 59620 - 1301.

IV. Supporting Facts:

14. On or about July 19, 2022, Mr. Evans was hired by Ms. Malcomb to work at the Industries Diner.

15. Mr. Evans worked at the Industries Diner from July 19, 2022 to February 23, 2024.

16. During Mr. Evans' entire employment at the Industries Diner, he has received positive work evaluations, and maintained clear conduct.

17. Mr. Jovanovich, Mr. Jones, and Ms. Malcomb are directly in charge of the entire Food Service Department at

⑤

Montana State Prison, including the Industries Diner.

18. On October 12, 2023 and January 24, 2024 Mr. Evans filed 2 separate grievances against the Food Service Department at Montana State Prison.

19. Shortly after filing these grievances against Food Service, on February 23, 2024 Mr. Evans was removed from his Job at the Industries Diner.

20. Mr. Evans was informed that the decision to remove him from his Job at the Industries Diner came from Mr. Jovanovich, Mr. Jones, and Ms. Malcomb.

## VI. Legal Claims:

Claim-1: Defendants, Jovanovich, Jones, and Malcomb violated Mr. Evans' First Amendment rights when they took retaliatory action against him for his filing of grievances against Food Service By removing him from his Job at the Industries Diner.

21. Mr. Evans realleges and incorporates by reference, paragraphs 14-20.

22. In Rhodes V. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) the Ninth Circuit held that a retaliation claim has "five basic elements": (1) An assertion that a state actor took some adverse action against

an inmate (2). because of (3). that priso-
ner's protected conduct, and that such
action (4). chilled the inmate's exercise
of his First Amendment rights and (5). the
action did not reasonably advance
a legitimate Correctional goal.

23. Here, Mr. Evans asserts that Mr. Jova-
novich, Mr. Jones, and Ms. Malcomb
retaliated against him by removing
him from his Job at the Industries
Diner for his filing of grievances agai-
nst the Food Service department

24. There is a casual connection between
Mr. Jovanovich's, Mr. Jones', and Ms.
Malcomb's adverse action of removi-
ng Mr. Evans from his Job at the
Industries Diner, and his protected cond-
uct of filing grievances against the
Food Service department based upon
the following timeline and facts:

(i). Mr. Jovanovich, Mr. Jones, and
Ms. Malcomb are directly in Charge
of the entire Food Service Department
at Montana State Prison, including the
Industries Diner.

(ii). October 12, 2023, Mr. Evans files
the first grievance against the Food
Service department.

(iii). January 24, 2024; Mr. Evans files

the second grievance against the Food Service department.

(iv). Associate Warden Scott McNeil addressed Mr. Evans' October 12, 2023 grievance, and spoke with the defendants about it and food transport conditions.

(v). Mr. Jovanovich addressed Mr. Evans' January 24, 2024 grievance and informed Mr. Jones, and Ms. Malcomb about it.

(vi). Shortly after filing these grievances against the Food Service department, on February 23, 2024 Mr. Evans was removed from his job at the Industries Diner.

(vii). Mr. Evans was informed that the decision to remove him from his job at the Industries Diner came from Mr. Jovanovich, Mr. Jones, and Ms. Malcomb

25. In Sorrano's Gasco Inc. v. Morgan, 874 F.2d 1310, 1315-16 (9th Cir. 1989) the Ninth Circuit has held that evidence of timing is sufficient to infer retaliatory motive.

26. Here, Mr. Evans asserts that the

timing of Mr. Jovanovich's, Mr. Jones's, and Ms. Malcomb's adverse action against him, and his protected cond- uct of filing the two grievances against the Food Service department as delineated in the above timeline and facts is sufficient to infer retali- atory motive by the defendants.

27. Among the actions that courts have found sufficiently adverse to support a retaliation claim include terminati- on from Job assignments. See, Siggers- El. V. Barlow, 412 F.3d 693, 701-02 (6th Cir. 2005); Williams V. Meese, 926 F.2d 994, 998 (10th Cir. 1991); Rizzo V. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

28. Furthermore, it is well-settled in the Ninth Circuit, as well as other Circ- uits that prison officials are prohibi- ted from retaliating against a pris- oner for his filing of grievances, no matter the form of retaliation.

29. Mr. Evans has put forth evidence of retaliatory motive, that taken in the light most favorable to him, presents a genuine issue of material fact as to the defendants' intent in removing Mr. Evans from his Job at the Industries Diner.

30. First, Mr. Evans offers the fact that Mr. Jovanovich, Mr. Jones, and Ms. Malcomb are directly in charge of

the entire Food Service department at Montana State Prison, including the Industries Diner.

31. Second, Mr. Evans offers the fact that Associate Warden Scott McNeil addressed Mr. Evans' October 12, 2023 grievance against the Food Service department, and spoke with the defendants about it and food transport conditions.

32. Third, Mr. Evans offers the fact that Mr. Jovanovich addressed Mr. Evans' January, 24, 2024 grievance against the Food Service department, and informed Mr. Jones, and Ms. Malcom's about it.

33. Fourth, Mr. Evans offers the suspect timing of his being removed from his job at the Industries Diner, shortly after filing the grievances against the Food Service department, on February 23, 2024.

34. Fifth, Mr. Evans offers the fact that he was informed that the decision to remove him from his job at the Industries Diner came from Mr. Jovanovich, Mr. Jones, and Ms. Malcomb.

35. In Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) the Ninth Circuit Court held that "timing can properly be considered as circumstantial evidence of retaliatory intent."

36. Lastly, Mr. Evans raises the fact that he worked at the Industries

(10)

Diner from July 19, 2022 to February 23, 2024; and during this entire time of employment, Mr. Evans received positive work evaluations, and maintained clear conduct.

37. This evidence tends to show that the removal of Mr. Evans from his job at the Industries Diner by the defendants was not motivated by any misconduct on Mr. Evans' part.

38. Given the suspect timing and facts, Mr. Evans asserts that the motivating factor behind the defendants removing him from his job at the Industries Diner was his protected conduct of filing the grievances against the Food Service department on October 12, 2023 and January 24, 2024.

39. In Rhodes V. Robinson, 408 F.3d 559 (9th Cir. 2005) the Ninth Circuit held that a prisoner need not demonstrate a total chilling of his First Amendment rights to file grievances and to pursue civil litigation in order to perfect a retaliation claim. The prisoner's allegation that his First Amendment rights were chilled, though not necessarily silenced, was enough to perfect his claim.

40. Here, Mr. Evans alleges that his First Amendment rights to file grievances were chilled by the defendants' retali-

atory actions against him as descri-
bed herein.

41. Mr. Evans asserts that because filing grievances is protected conduct under the First Amendment, the defendants' retaliatory actions against him would objectively have had a chilling effect on a person of ordinary firmness.

42. Mr. Evans further asserts that the defendants removing him from his job at the Industries Diner did not reasonably advance any legitimate correctional goals because the job removal was retaliatory in nature, and during his entire employment at the Industries Diner, Mr. Evans received positive work evaluations, and maintained clear conduct; which is indicative of the job removal not being motivated by any misconduct on Mr. Evans' part.

VII. Prayer For Relief:

43. Wherefore, Mr. Evans respectfully requests that this court enter judgement:

44. Granting Mr. Evans a declaration that the acts and omissions described herein, violated his rights under the

Constitution and laws of the United States.

45. Granting Mr. Evans Punitive damages in the amount of $5,000 against each defendant, Jointly and Severally.

46. Granting Mr. Evans $150 in lost wages.

47. Granting Mr. Evans Treble damages in the amount of $450

48. Granting Mr. Evans recovery of his costs in this civil action, and

49. Any other relief this Court deems Just, proper, and equitable.

Dated this 19th day of May, 2024

Respectfully Submitted,

Anthony L. Evans
Plaintiff / "Pro se" Litigant